UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven Louis Barnes, # SK-6032, | ) | **C/A No. 4:11-2969-MBS-TER** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Judge William Keesley; | ) | |
| St. Attorney General Alan Wilson; | ) | |
| Attorney Daniel Plyer; | ) | |
| Attorney Gregory; | ) | |
| State Officials, *only in their official capacity*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

## *Background of this Case*

Plaintiff is an inmate on "Death Row" at the Lieber Correctional Institution.  Plaintiff's murder conviction arose out of the September 2001 kidnapping (in Augusta, Georgia) and subsequent murder (in Edgefield County) of a sixteen-year-old from Augusta, Georgia.  Plaintiff's conviction and death sentence were entered in the Court of General Sessions for Edgefield County in November of 2010.

In the above-captioned case, Plaintiff has brought suit against the South Carolina Circuit Judge who presided over his legal malpractice case, the Attorney General of the State of South Carolina, and two private attorneys.   Plaintiff seeks a declaratory judgment that the application of S.C. Code Ann. 15-36-100 violated Plaintiff's substantive Due Process rights, his right to petition the government, and his Equal Protection rights.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, however, the § 1983 Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Court of Common Pleas for McCormick County and the Court of General Sessions for Edgefield County are courts in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975). South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (1988).

Since Judge Keesley was acting in his official capacity as a South Carolina Circuit Judge, he is immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

Attorneys Daniel Clifton Plyler and William Greg (or Gregory) Seigler are entitled to summary dismissal because they have not acted under color of state law. In order to state a cause

3

of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). *See also Vermont v. Brillon*, 173 L.Ed.2d 231, 129 S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[2]

---

[2]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C.
(continued...)

4

Since Attorney General Alan Wilson, who took office in January of 2011, has not been involved in enforcement of S.C. Code Ann. 15-36-100, liability under § 1983 may not be imposed upon him. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, *2 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

In the caption of the Complaint, Plaintiff writes: "State Officials only in their official capacity[.]" In their official capacities, the two State officials (Judge Keesley and Attorney General Wilson) named as defendants are immune from suit under the Eleventh Amendment. *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010), which cites *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

Ultimately, Plaintiff is challenging the ruling by a South Carolina Court of Common Pleas that S.C. Code Ann. 15-36-100, which requires an expert affidavit for any allegation of damages for professional negligence, is applicable to Plaintiff's state court case. S.C. Code Ann. § 15-36-100(G)(2) is the subsection applicable to attorneys. S.C. Code Ann. 15-36-100 is part of South Carolina's Frivolous Civil Proceedings Sanctions Act, which was enacted by the General

---

(...continued)

§ 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

5

Assembly in 2005 (2005 S.C. Acts 32) and became effective on July 1, 2005. Instead of appealing the decision of the Court of Common Pleas, Plaintiff has brought this suit in federal court.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 484-86. The *Rooker-Feldman* doctrine also applies even if the state court litigation has not reached a State's highest court. Only the Supreme Court of the United States can review decisions of state courts in civil cases. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992); and *In Re Primus*, 436 U.S. 412, 432-39 (1978). Limitations does not preclude jurisdiction over general challenge to state statute or rules, as opposed to challenge to a state court's decision in particular case. *Feldman*, 460 U.S. at 482-83. However, *Feldman* does not allow relitigation of general constitutional challenges in federal court under doctrine fo res judicata. *Guess v. Board of Medical Examiners of North Carolina*, 967 F.2d 998, 1003 (4th Cir. 1992) (district court lacked jurisdiction to hear patents' claim that their doctor's license had been improperly revoked by state authorities). Res Judicata in this respect also bars litigation of issues which could have been raised

in state court but were not. *See id.* at 1004. Moreover, *Feldman* precludes federal jurisdiction "if the constitutional claims are inextricably injtertwined with the merits of the state court judgment." 460 U.S. at 482-83 n. 16).

The principle of the *Rooker-Feldman* doctrine was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280 (2005) (*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself). *See also Davani v. Virginia Dept. of Transp*., 434 F.3d 712 (4th Cir. 2006).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Plaintiff's attention is directed to the Notice on the next page.


                                                    s/Thomas E. Rogers, III
December <u>16</u>, 2011                             Thomas E. Rogers, III
Florence, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).