IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steven Louis Barnes, | ) | |
| | ) | Civil Action No. 4:11-2969-MBS-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Judge William Keesley; St. Attorney General Alan Wilson; Attorney Daniel Plyer; and Attorney Gregory William Seigler, *in their official capacities*, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 2, 2011, Steven Louis Barnes ("Plaintiff"), a South Carolina state prisoner proceeding *pro se*, filed an action in this court against the above named defendants ("Defendants"). Plaintiff seeks a declaratory ruling that South Carolina Code Section 15-36-100, which requires a plaintiff asserting a claim for professional negligence against an attorney to include an expert witness declaration with his complaint, is unconstitutional. Plaintiff argues that this statute, if applied to him, will violate his constitutional rights to substantive and procedural due process, to equal protection, and to petition the government. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A.

On December 16, 2011, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's complaint be dismissed without issuance or service of process. On January 5, 2012, Plaintiff filed objections to the Report and Recommendation.

1

Rather than address Plaintiff's objections, the court will review Plaintiff's complaint *de novo* without reference to the Report and Recommendation.

**DISCUSSION**

On March 3, 2011, Plaintiff filed a legal malpractice action against Attorney Seigler ("Seigler") in the Court of Common Pleas for McCormick County, South Carolina. *See Barnes v. Seigler*, No. 5:11-cv-1156-MBS-KDW (D.S.C.) (ECF No. 1-1). The case was removed to this court on May 13, 2011. *Id.* (ECF No. 1). On January 30, 2012, this court dismissed Plaintiff's claims against Seigler on the ground that Plaintiff had not filed an expert witness declaration as required by Section 15-36-100. *Id.* (ECF No. 73). It is unclear why Plaintiff did not advance his arguments about the unconstitutionality of Section 15-36-100 in his opposition to Seigler's motion to dismiss in the above case. If Plaintiff had presented these arguments in that context, this court could have considered them on the merits. However, the court is unable to consider the merits of Plaintiff's arguments in the present case because Plaintiff lacks standing.

Article III of the Constitution restricts the subject matter jurisdiction of the federal courts to "cases" and "controversies." The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Constitution requires that a plaintiff invoking federal jurisdiction have suffered an "injury in fact," that is, "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quotations and citations omitted). The plaintiff's injury must also be fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision. *Id.* at 560-61.

Plaintiff's alleged injury would not be redressed by a decision in his favor in the present case.  This court has dismissed Plaintiff's legal malpractice claim based on Section 15-36-100, and a declaratory judgment against the four named defendants would do nothing to alter or revoke this court's order.  Any ruling as to the constitutionality of Section 15-36-100 in the present case would be purely hypothetical and advisory because Plaintiff would still be unable to proceed on his malpractice claim against Seigler.  Plaintiff may present his constitutional arguments in a motion requesting that this court reconsider its order dismissing his legal malpractice claim.  The court expresses no opinion on the possible merits of any such motion.

## **CONCLUSION**

Because Plaintiff lacks standing, this court is without jurisdiction to adjudicate his claim.  Accordingly, the case is dismissed without prejudice.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
June 26, 2012